

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joe J. Fisher
District Attorney
San Augustine, Texas

Dear Sir:

Opinion No. O-1798
Re: Whether, under Article 3070,
it is the duty of the county
attorney to defend the valid-
ity of a local option election
in event of a contest.

Your opinion request of December 27, 1939, has
been received and considered by this Department. The fol-
lowing quotation represents the pertinent part of your
letter:

"The qualified voters of San Augustine
County recently held an election to determine
whether or not the sale of beer not contain-
ing alchhol in excess of 4% per centum by
weight should be prohibited, San Augustine
being a wet territory for beer. The majority
of the votes were cast for prohibiting the
sale of beer. The wets have filed a contest
and have served notice and a copy of contes-
tant's petition on Charles McMillan, County
Attorney.

"The question is whether under Article
3070 it is the DUTY of the County Attorney to
Defend the Validity of the election...."

Article 666-32, Vernon's Annotated Penal Code,
provides for the ordering and holding of a local option
election under the terms of the Texas Liquor Control Act.

Article 666-40a, Vernon's Annotated Penal Code,
in providing for a possible contest of such a local option
election reads, in so far as applicable, as follows:

"....and the proceedings in such (local

option election) contest shall be conducted in the same manner, as now govern the contest of any general election...." (Parenthetical insertion ours)

Article 3069, Revised Civil Statutes, 1925, provides:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

The succeeding Article 3070, Revised Civil Statutes, 1925, declares:

"In any case provided for in the preceding article, the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office;...."

Article 3043, Revised Civil Statutes, 1925, provides that:

"The person ... shall, within ten days after receiving such notice and statement, deliver, or cause to be delivered, to said contestant, his agent or attorney, a reply thereto in writing."

Article 5, Section 21, of the Constitution declares:

"....The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature...."

It will be noted that the latter clause of the Constitutional proviso set out above affixes an important restriction or qualification upon the general power announced in the first clause. San Augustine County is within a judicial district having a district attorney; therefore the terms of the Constitution relegates to the Legislature license and authority to define the power and duties of the county attorney.

The term "duties" as used in the Constitution inherently implies the further idea of "power" or "authority." Consequently, we must look to legislative act in order to ascertain the extent as well as the definition of the county attorney's duties. His powers and duties are co-extensive. In other words, where there is no authority there can be no duty; and where there is no duty there can be no power or authority. See Mechem on Public Offices and Officers, Sections 501 and 502.

It is to be observed here, that we have been unable to find any statutory provision requiring or authorizing a county attorney to defend the validity of a local option election in event of contest proceeding. Nor do we believe that the terms of Article 3070, Revised Civil Statutes, 1925, supra, impose such a duty. That statutory provision merely provides that the named contestee in an election contest "shall file his reply" (underscoring ours) to the notice and statement of contest.

The case of Moore et al vs. Commissioners' Court, of Titus County, 192 SW 605, involving an election contest on another matter, while not decisive of this question, is strongly persuasive. The opinion is short and we quote it

Hon. Joe J. Fisher, Page 4

in full, to-wit:

"Levy, J. The proceeding is to contest
an election held in justice precinct No. 3
of Titus county for the purpose of preventing
the running at large of hogs, sheep, and goats
in said precinct. The court sustained a gener-
al demurrer to the petition, and the appeal
is to review the ruling of the court in that
respect.

"The petition alleged that the county
attorney had agreed that a notice of the con-
test need not be given to him by the contes-
tants and had agreed to waive such notice and
service thereof upon him. The petition does
not undertake to allege that a written state-
ment of the grounds of the contest had been
served upon the county attorney of the county.
The statute requires the giving of notice of
the contest (Article 3151, Vernon's Sayles'
Statutes), and requires that the county attor-
ney in this character of proceeding 'shall be
served with notice and statement' (Article
3078, Vernon's Sayles' Statutes). The giving
and serving of the notice required by the
statute is not for the benefit of the county
attorney and peculiarly personal to him, who
is merely a formal party to such proceeding.
The giving and serving of the notice prescribed
by the statute is the prerequisite to the juris-
diction of the district court. Cauthron v.
Murphy, 61 Tex. Civ. Appl 462, 130 S. W. 671. A
specific mode of contesting an election having
been prescribed by the statute, that particular
mode alone can be resorted to; it is exclusive
of every other mode. And this particular pro-
ceeding is not a contest as between two persons,
so as to authorize and warrant the county attor-
ney to waive a statutory procedure essentially
involving jurisdiction of the district court.

"It is believed the court did not err in
sustaining the demurrer, and the judgment is
affirmed."

You are therefore respectfully advised that it is the opinion of this department that it is not the duty of the county attorney to defend the validity of a contested local option election. You are further respectfully advised that it is the opinion of this department that when the county attorney is made contestee and served with notice under Articles 3043 and 3070, Revised Civil Statutes, 1925, it then becomes the duty of the county attorney to prepare and file the written contestee's reply as required by said statutes and that when this is done the county attorney has fully discharged his statutory duty. Any additional act or acts of the county attorney beyond that of filing his reply would seem to rest purely within the discretion of the county attorney. There would appear no other criterion which would be resorted to.

The opinion of this department, dated April 22, 1938, written by Hon. Joe Sharp, Assistant Attorney General, Vol. 381, page 120, holding to the contrary, cites the case of Hooker vs. Foster, 1 SW (2nd) 276, which case we think is neither decisive nor persuasive, and said opinion is therefore overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED FEB 14, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS